UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SPM THERMO-SHIELD, INC.,

      Plaintiff,

v.                                    Case No:   2:15-cv-439-FtM-29CM

SICC, GMBH and WALDEMAR
WALCZOK,

      Defendants.

_____

## ORDER

Before the Court are Plaintiff's, SPM Thermo-Shield, Inc., Motion for Extension of Time to Effectuate Service of Process and Incorporated Memorandum of Law ("Motion for Extension," Doc. 23) and Plaintiff's, SPM Thermo-Shield, Inc., Motion for Leave to File a Reply to Defendant's Response in Opposition to Plaintiff's Motion for Extension of Time and Incorporated Memorandum of Law ("Motion for Reply," Doc. 25).   For the reasons set forth below, Plaintiff's Motion for Extension is granted in part and Plaintiff's Motion for Reply is denied.

Plaintiff requests an extension of time to effectuate service of process on Defendants SICC GmbH and Waldemar Walczok.  Doc. 23 at 1.   Plaintiff states that the Court allowed it thirty days after the filing of its Amended Complaint (Doc. 22) to effectuate service of process of Defendants.   *Id.*   Plaintiff alleges that Defendants reside in Germany, and therefore, service must be effectuated via the Hague Convention, which takes considerably longer than traditional service in the United States.   *Id.* at 1-2.   Notably, Plaintiff states that the Hague Convention

requires that the summons and complaint be accompanied by an official German translation of the documents.   *Id.* at 2.   Plaintiff states that it has retained a company to perform the translation but has been advised that the translation and service could take up to several months.   *Id.*   Thus, Plaintiff states that good cause exists to grant the extension of time.   *Id.*   Plaintiff requests an extension of at least ninety days with ability to seek further extensions in the future.   *Id.* at 3.

Defendants respond that the extension should be denied because Plaintiff has not shown good cause, and Plaintiff has failed to make any attempts to serve Defendants in accordance with state, federal or Hague Convention requirements. Doc. 24 at 1.   Defendants argue that Plaintiff failed to establish good cause to warrant an extension because Plaintiff failed to attempt service during the 120-day time limit required under Federal Rule 4(m), and the exception for foreign service does not apply because Plaintiff did not attempt service during the required time frame.   *Id.* at 3-4.   Moreover, Defendants state that Plaintiff did not act in good faith when it lured Defendant Walczok into Florida under false pretenses in order to obtain service.   *Id.* at 2.

Rule 4(m), Federal Rules of Civil Procedure, provides that a court must dismiss an action if a defendant is not served within 90 days.[1]   Fed. R. Civ. P. 4(m).   The court, however, must extend the time for service if plaintiff shows good cause for the

---

[1] When Plaintiff its complaint on July 22, 2015, the federal rules allowed 120 days to perfect service of process.   Rule 4(m) has since been amended to allow for 90 days to perfect service of process.   Fed. R. Civ. P. 4(m).   The amendment became effective on December 1, 2015.

failure to serve within the requisite time period. *Id.* This 90-day service rule does not apply to service in a foreign country under Rules 4(f) or 4(j)(1). *Id.* Rule 4(f) allows for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f). While some courts have found that this foreign service exemption does not apply if the Plaintiff did not attempt foreign service within the requisite time period, the Eleventh Circuit has not made such a finding. *See USHA (INDIA), LTD. v. Honeywell International, Inc.*, 421 F.3d 129, 134 (2d. Cir. 2005) (dismissing the claims against Defendant without prejudice for Plaintiff's failure to attempt foreign service within the 120-day time period); *see also Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (stating, "[i]f, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim.").

Here, the Court does not find that dismissal is warranted at this time. Plaintiff attempted to personally serve Defendant Walczok while Defendant Walczok was in a business meeting in Florida. Doc. 21 at 4-5. Plaintiff also contends that it effectuated service on Defendant SICC GmbH through the personal service of Defendant Walczok. *Id.* at 9. The Honorable John E. Steele quashed service of process as it related to both Defendants finding that Plaintiff lured Defendant Walczok into Florida under false pretenses. *Id.* at 8-9. Judge Steele, however,

allowed Plaintiff an additional thirty days to obtain proper service on both Defendants.

Although Judge Steele did not explicitly address the 120-day time limit to effectuate service, rather than simply dismissing the case for failure to serve within the time period or for luring Defendant to Florida under false pretenses, he allowed Plaintiff an additional opportunity to attempt proper service.   *See* Doc. 21.   Plaintiff now requests additional time to obtain service on Defendants because service under the Hague Convention is longer than traditional service in the United States.   Doc. 23 at 2.   While the Court recognizes Defendant's argument that Plaintiff's prior bad faith conduct is not good cause for an extension, the district judge previously found that Plaintiff's conduct was not so egregious as to not allow Plaintiff another attempt at perfecting service.   Moreover, it would not be judicially efficient or a good use of judicial resources to dismiss the case without prejudice simply to have Plaintiff file a new case.   Accordingly, the Court will allow a brief extension of thirty days to effectuate service on Defendants.   Additionally, the Court is not inclined to make a blanket finding that Plaintiff can continually return to the Court for additional extensions.   Plaintiff must show good cause for any additional requests for extensions of time.

Due to the Court's extraordinarily heavy docket, between the time of filing the request and the date of this Order, Plaintiff already has had more than the ninety days requested to effectuate service on both Defendants.   Therefore, the Court is not inclined to grant an additional ninety days.   With the additional thirty days,

Plaintiff will have had over six months to complete proper service on Defendants.   If Plaintiff fails to obtain service within that time, the Court may recommend that this case be dismissed without prejudice.

Plaintiff also requests leave to file a reply to Defendant's response.   The Court finds that a reply is not necessary.   Therefore, Plaintiff's Motion for Reply is denied.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiff's, SPM Thermo-Shield, Inc., Motion for Extension of Time to Effectuate Service of Process and Incorporated Memorandum of Law (Doc. 23) is **GRANTED in part**.   Plaintiff shall have up to and including **July 14, 2016** to effectuate service of process on Defendants.

2.      Plaintiff's, SPM Thermo-Shield, Inc., Motion for Leave to File a Reply to Defendant's Response in Opposition to Plaintiff's Motion for Extension of Time and Incorporated Memorandum of Law (Doc. 25) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record